CGFD53 (12/1/09)



**ORDERED in the Southern District of Florida on January 25, 2011**

*A. Jay Cristol* (signature)

**A. Jay Cristol**
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
www.flsb.uscourts.gov

**Case Number: 10–37576–AJC**

**Chapter: 7**

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

| | |
|---|---|
| David R. Garcia<br>21601 SW 98 Pl.<br>Miami, FL 33190 | Lucia D. Garcia<br>21601 SW 98 Pl.<br>Miami, FL 33190 |
| SSN: xxx–xx–5110 | SSN: xxx–xx–2763 |

## ORDER UPON CONVERSION OF CASE UNDER CHAPTER 13 TO CASE UNDER CHAPTER 7 BY THE DEBTOR

The debtor filed a Notice of Conversion on 1/24/11, pursuant to 11 U.S.C. § 1307(a) converting this case to a case under chapter 7 of the Bankruptcy Code.

It is **ORDERED** that:

1. The debtor shall immediately remit to the clerk of court the $15.00 trustee surcharge fee plus the $10.00 difference between the statutory filing fees as prescribed by the Judicial Conference of the United States (if not previously paid by the debtor). Failure to pay this $25.00 fee will result in dismissal of this case.

2. The chapter 13 trustee shall file, within 30 days of the date of the Notice of Conversion, an accounting of all receipts and distributions made, and list any pending obligations incurred under the plan. A copy of the report shall be served on the U.S. trustee.

3. The debtor shall file, within 14 days of the date of the Notice of Conversion, a schedule of unpaid debts incurred after the commencement of the chapter 13 case as required by Bankruptcy Rule 1019(5) and Local Rule 1019–1(B). The schedule must be accompanied by a matrix of creditors as required by the "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices". The debtor or debtor's attorney is required to provide notice to those creditors pursuant to Local Rule 1019–1(B). Failure to comply may also result in sanctions being imposed by the court. Debts not listed or noticed timely will not be discharged. A copy of this schedule shall be served on the chapter 7 trustee.

4. The chapter 13 trustee shall, within 14 days from the date of this order, turn over to the chapter 7 trustee, all records of the estate remaining in the chapter 13 trustee's custody and control, as required by Bankruptcy Rule 1019(4).

5. The chapter 13 trustee shall dispose of funds in the trustee's possession in accordance with Local Rule 1019−1(D), unless otherwise ordered by the court.

6. The debtor shall file, within 14 days of the date of the Notice of Conversion,:

    a. the statements and schedules required by the Bankruptcy Rules 1007(c) and 1019(1)(A) and in accordance with Local Rules 1007−2 and 1009−1(D), if such documents have not already been filed;

    b. the Official Bankruptcy Form 22A "Statement of Current Monthly Income and Means Test Calculation For Use in Chapter 7 Only",;

    c. payment advices as required by Bankruptcy Rules 1007(b)(1) and 1007(c), and Local Rule 1007−1(F); and

    d. if not already filed, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3), or a request for a determination by the court under §109(h)(4).

7. The debtor shall file, within 30 days of the date of the Notice of Conversion, a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. § 521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 8.

8. If this case is being converted after the confirmation of a plan, the debtor shall file, within 30 days of the date of the Notice of Conversion:

    a. A schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the date of the Notice of Conversion;

    b. A schedule of unpaid debts (and matrix as described by paragraph 3) not listed in the final report and account of the chapter 13 trustee which were incurred after the commencement of the chapter 13 case but before the date of the notice of conversion, as required by Bankruptcy Rule 1019(5) and provide notice of claims deadline as required by Bankruptcy Rule 1019(6) and Local Rule 1019−1(B); and

    c. A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the date of the Notice of Conversion.

9. The debtor shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019−1(F)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

10. If the debtor had been granted permission to pay the chapter 13 filing fee in installments and the debtor seeks waiver of the balance of the filing fee due, the debtor must file the waiver application prior to the next installment payment date to avoid dismissal of the case for nonpayment.

11. Failure of the debtor to comply with the provisions of this order may result in dismissal of this case without further hearing or notice.

The clerk shall serve a copy of this order on all parties of record.

###